

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# Ostro v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ostro v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 04-1667


ELENA OSTRO,
                                    Petitioner
v.

ALBERTO GONZALES,
Attorney General of the United States
_____


ON PETITION FOR REVIEW FROM AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Board No. A74-191-496)
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2005
Before:   McKEE, VAN ANTWERPEN, and WEIS, Circuit Judges.
(Filed: May 17, 2005)
_____


OPINION
_____


WEIS, Circuit Judge.

Petitioner is a native and citizen of Russia who entered the United States in 1994 as a non-immigrant visitor for business. She requested asylum, withholding of removal and relief under the Convention Against Torture. After a hearing, an IJ granted

asylum and withholding of removal, but did not rule on whether relief was due under the Convention.

On appeal, the Board of Immigration Appeals sustained the government's appeal and held that the IJ had erred in granting relief to petitioner.

Because this opinion is not precedential and the parties are well aware of the facts, we will only summarize them briefly.

Petitioner became involved in an altercation with her paramour and fatally stabbed him. Initial prosecution of the homicide resulted in favorable rulings for petitioner, but a charge akin to voluntary manslaughter remains pending. The Russian authorities have issued a warrant for the petitioner's arrest.

Petitioner contends that the father of her deceased's paramour has been pressuring the Russian authorities to keep the criminal process alive. In addition, she alleges that he has threatened her and her daughter and that he physically attacked her in public. She also alleges that the police had coerced a witness to recant his previous, favorable testimony.

The BIA concluded that the criminal proceeding was a continuing one and had not been dismissed and later reinstated as the IJ had believed. Moreover, the father's alleged desire for revenge is not a persecution on account of a protected ground. It appears that petitioner has been subjected to a legitimate criminal investigation and prosecution. In addition, the BIA pointed out that, in coming to the United States, the

petitioner had violated her original restraining measures and had become a fugitive from justice.

Our review of the record persuades us that the BIA's decision to deny asylum was supported by substantial evidence. In addition, we do not find record support for a finding that petitioner is entitled to relief under the Convention Against Torture.

Finding ourselves in agreement with the BIA, accordingly, we will deny the petition for review.